**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
ARAYA HENOK,                        )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Civil Action No. 12-335 (RWR)
                                    )
CHASE HOME FINANCE, LLC,            )
<u>et al.</u>,                      )
                                    )
        Defendants.                 )
_____  )

<u>MEMORANDUM OPINION AND ORDER</u>

Pro se plaintiff Araya Henok brings this action against

Chase Home Finance, LLC ("Chase"), Shapiro & Burson, LLP, Fannie

Mae, and Dorothy Ihuoma, challenging the legality of the

foreclosure on a property he owned on Myrtle Avenue N.E. in

Washington, D.C. ("the property"). Ihuoma purchased the property

after the foreclosure sale, and moves to dismiss the complaint

against her under Fed. R. Civ. P. 12(b)(6) for failure to allege

a cause of action against her. Because Henok has failed to plead

facts showing any wrongdoing by Ihuoma or that would overcome the

defendant's bona fide purchaser status, the motion to dismiss

will be granted.

<u>BACKGROUND</u>

Henok purchased the property in 2005. (Compl. ¶ 6.) After

Chase gave notice of foreclosure, Henok allegedly attempted to

cure the foreclosure, but the property was sold to Fannie Mae in

a foreclosure sale on March 24, 2010. (<u>Id.</u> ¶¶ 8-14, Ex. 5.)

-2-

Ihuoma purchased the property after the foreclosure sale.  (<u>Id.</u> ¶ 5; Def.'s Mem. of P. and A. ("Def.'s Mem.") at 2.)  In paragraph five of the complaint, Henok states that he includes Ihuoma, a party with an interest in the property, as a defendant in this action under D.C. Super. Ct. R. Civ. P. 19 (Compl. ¶ 5), which governs joinder of required parties.  The only mention of Ihuoma in the complaint appears in paragraph five, and the complaint alleges no facts reflecting any misconduct by Ihuoma. Ihuoma moves to dismiss the complaint, arguing that she is a bona fide purchaser of the property and that Henok has failed to state any claim against her.

<u>DISCUSSION</u>

In reviewing a motion brought under Rule 12(b)(6), a court accepts as true all well-pleaded allegations in the complaint and interprets them in the light most favorable to the plaintiff. <u>Howerton v. Ogletree</u>, 466 F. Supp. 2d 182, 183 (D.D.C. 2006). Pleadings filed by pro se litigants are entitled to leniency, and "the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable."  <u>Id.</u> (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).  "In order to survive a motion to dismiss under Rule 12(b)(6), the allegations stated in the . . . plaintiff's complaint 'must be enough to raise a right to relief above the speculative level[.]'"  <u>Demery v. Montgomery County</u>, 602 F. Supp.

2d 206, 212 (D.D.C. 2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Courts need not accept the truth of "legal conclusions cast in the form of factual allegations." <u>Cornish v. Dudas</u>, 715 F. Supp. 2d 56, 60 (D.D.C. 2010).  Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

## I.   BONA FIDE PURCHASER STATUS

A bona fide purchaser is one "who acquires an interest in property for a valuable consideration and without notice of any outstanding claims which are held against the property by third parties." <u>Clay Properties Inc. v. Washington Post Co.</u>, 604 A.2d 890, 894 (D.C. 1992); <u>see also</u> <u>Chen v. Bell-Smith</u>, 768 F. Supp. 2d 121, 134 (D.D.C. 2011) (adopting this definition).  A bona fide purchaser is "protected from outstanding interests in the property of which it has no notice." <u>Chen</u>, 768 F. Supp. 2d at 134 (quoting <u>Smith v. Wells Fargo Bank</u>, 991 A.2d 20, 26 (D.C. 2010)).  So long as the bona fide purchaser had no notice, the purchaser is protected even when he or she acquires the interest in the real property from someone who acquired it originally through fraudulent means. <u>Chen</u>, 768 F. Supp. 2d at 134 (quoting <u>Haley v. Corcoran</u>, 659 F. Supp. 2d 714, 722 (D. Md. 2009)).  In this case, the burden is on the plaintiff to prove that the

-4-

defendant is not a bona fide purchaser.  <u>IA Const. Corp. v.
Carney</u>, 656 A.2d 369, 375 (Md. Ct. Spec. App. 1995).[1]

Henok represents that Ihuoma "has not been sued for fraud or
breach of contract. . . .  She is only a party to this case as
someone that 'might' have interest on a property that was 'sold'
fraudulently thus making her purchase void ab initio."
(Plaintiff's Second Opposition ("Pl.'s Opp'n") at 1.)  D.C. Rule
19 is identical in relevant part to federal Rule 19, and governs
the "Joinder of Persons Needed for Just Adjudication."  D.C.
Super. Ct. R. Civ. P. 19(a)(1).  "A federal court should not
hesitate to require joinder of absentees whose interest may be
affected by the action . . . ."  7 Charles A. Wright et al.,
Federal Practice and Procedure § 1621 (3d ed. 2012).

Ihuoma argues that she acquired her interest in the property
from the foreclosure purchaser and the plaintiff does not allege
that she had knowledge of any defects in the foreclosure sale.
(Def.'s Mem. at 1.)  The burden lies with Henok to overcome
Ihuoma's bona fide purchaser status by pleading facts that if
proven would show Ihuoma's knowledge of defects.  <u>See</u> <u>IA Const.
Corp. v. Carney</u>, 656 A.2d at 375.  Henok's filings acknowledge
Ihuoma's purchase after the foreclosure sale (Compl. ¶ 5; Pl.'s

---

[1] The D.C. Court of Appeals has not spoken on this issue.
"[C]ourts applying D.C. law may look to Maryland law when there
is no controlling D.C. authority directly on point."  <u>Chen</u>, 768
F. Supp. 2d at 134 n.8.

-5-

Opp'n at 1), but none of Henok's filings provides any evidence
that Ihuoma was aware of any alleged fraud underlying the
foreclosure on the property.   Therefore, Henok fails to meet his
burden to demonstrate that Ihuoma is not entitled to bona fide
purchaser status and not protected from his asserted interest in
the property.[2]

II.   WHETHER FORECLOSURE SALE IS VOID *AB INITIO*

      Bona fide purchaser status does not protect a buyer from a
judgment against the property if it is demonstrated that the
conveyances underlying the buyer's interest were void *ab initio*.
Smith, 991 A.2d at 26.   District of Columbia courts have
recognized a property conveyance as void *ab initio* where it was
based on a forgery, on fraud in the factum, or in violation of
the automatic stay imposed by a bankruptcy filing.   See Chen, 768
F. Supp. 2d at 134-35; Langley v. FDIC, 484 U.S. 86, 93 (1987)
(stating that fraud in the factum is "the sort of fraud that
procures a party's signature to an instrument without knowledge
of its true nature or contents"); In re Stancil, 473 B.R. 478,
483-84 (Bankr. D.D.C. 2012).

---

[2] Henok has moved to amend his complaint and that motion is
pending.   The proposed Amended Complaint does not allege new
facts that relate to Ihuoma.   The proposed Amended Complaint,
like the original, notes that Ihuoma is included "as required by
Rule 19 of the superior court rules."   (Mot. for Leave to Am.
Compl., proposed Am. Compl. ¶ 5.)

-6-

Henok fails to allege any facts that would support an inference that the relevant property conveyance in this case -- the foreclosure sale -- was void *ab initio*.  Henok does not argue that the mortgage that was foreclosed or any deed to Fannie Mae was a forgery.  Further, he does not allege that he entered into the mortgage without knowledge of its nature or contents or that any deed to Fannie Mae was executed unknowingly.  Nor does he allege that he had filed for bankruptcy triggering an automatic stay on foreclosure proceedings in this case.

In a pro se filing, it is appropriate to make "a concerted effort to discern a cause of action."  Howerton, 466 F. Supp. 2d at 183.  In this case, the partial allegations in the complaint might be intended to advance an argument that the foreclosure proceedings were generally deficient, so the foreclosure should be considered void.  In this regard, Henok contends that the notice of foreclosure ("the notice") failed to provide the accurate minimum balance required to cure the default and that the court should find that "it is a defective Notice of foreclosure and the foreclosure is void ab initio." (Compl., Count 4.)  The notice stated the "[m]inimum balance required to cure default obligation pursuant to D.C. Law 5-85 . . . : $26,577.29 APPROXIMATELY, PLUS ATTORNEY FEES, FORECLOSURE COSTS AND OTHER CHARGES OR PAYMENTS WHICH BECOME DUE." (Id. at Ex. 5.) Although Henok alleges that this figure is incorrect, he offers

-7-

no evidence to support that claim, or any alternative minimum balance figure.  He alleges that he asked what the other costs were without receiving a response, and objects that notice was improper because the figure quoted is incomplete.  Henok argues that "[h]ad [the defendants] replied [regarding other fees], that total amount would have been the Min required to cure the default and that would have been the proper notice."  (Compl., Count 4.)

   This argument is not persuasive.  Henok offers no authority establishing that the figure quoted as the minimum required to cure default must be inclusive of every possible fee or cost that is not yet due.  See D.C. Code § 42-815.01 (2001) (requiring that to cure a default, a residential mortgage debtor shall "[p]ay or tender in the form of cash, cashier's check, or certified check all sums, *including any reasonable late penalty, required to bring the account current*"); see also Bank-Fund Staff Federal Credit Union v. Cuellar, 639 A.2d 561, 576 (D.C. 1994) (remanding a case to trial court because it was not clear from the record if the minimum was accurately stated, but accepting the statement of the minimum as some figure "plus interest, advances, and expenses").[3]

_____

[3] Henok also fails to plead facts that suggest that he is entitled to a right to cure.  Henok argues that the right to cure applies because, even if he did not live in the property, he had "personal use of the property."  (Pl.'s Opp'n at 2.)  The right to cure, however, is limited to "the principal place of abode of the debtor or his immediate family."  D.C. Code § 42-815.01(a).

-8-

Henok also alleges that the notice of foreclosure, dated February 17, 2010, expired before the foreclosure took place and "[t]herefore, . . . the foreclosure is void." (Compl., Count 13.) Here, Henok misunderstands the text of the notice, which reads in relevant part, "THE REAL PROPERTY . . . WILL BE SOLD AT A FORECLOSURE SALE TO BE HELD ON March 24, 2010 . . . . THIS SALE DATE IS SUBJECT TO POSTPONEMENT FOR A PERIOD NOT TO EXCEED THIRTY (30) CALENDAR DAYS FROM THE ORIGINAL DATE OF FORECLOSURE SALE, AFTER WHICH TIME THIS NOTICE OF FORECLOSURE SALE SHALL EXPIRE." (Id. at Ex. 4.) The notice was to expire 30 days after the stated sale date (March 24, 2010), not the date of the notice.

Henok asserts generally that the property was "'sold' fraudulently, thus making [the defendant's] purchase void ab initio." (Pl.'s Opp'n at 1.) Henok's complaint contains general allegations that representations and actions were "fraudulent" (see, e.g., Compl., Counts 6, 7, 10), but does not plead fraud with the requisite specificity. See Evans v. First Mount Vernon, ILA, 786 F. Supp. 2d 347, 352 (D.D.C. 2011) (stating that allegations of fraud must be "pleaded with particularity") (citing Fed. R. Civ. P. 9(b)); see also Acosta Orellana v. CropLife Int'l., 711 F. Supp. 2d 81, 96 (D.D.C. 2010) (asserting that allegations of fraud must include "(1) a false representation, (2) concerning a material fact, (3) made with

knowledge of its falsity, (4) with the intent to deceive, and (5) upon which reliance is placed"). Thus, Henok pleads no facts supporting a claim that the foreclosure sale is void on the basis of fraudulent conduct.

Henok makes other arguments that are ultimately unavailing. Henok argues that "[t]he trustee's deed fail [sic] formal requisite of an instrument (DC 42-404) . . . ." (Id., Count 9.) Although § 42-404 of the D.C. Code generally describes the failures of a formal instrument that may be cured under § 42-403, Henok does not explain which formal requisite he believes is lacking. D.C. Code §§ 42-403, 404 (2001). Moreover, Henok's failure to challenge the alleged omission within 6 months renders any defect under section 404 irrelevant. D.C. Code § 42-403 (2001) (stating that any instrument "shall be effective notwithstanding the existence of 1 or more of the failures in the formal requisites listed in § 42-404, unless the failure is challenged in a judicial proceeding commenced within 6 months after the instrument is recorded.")

Henok also alleges that "[t]he defendant's motion must be dismissed as she did not get leave of court to file her motion nor did she contact me prior to filing her motion." (Pl.'s Opp'n at 1.) Henok cites no authority that would require leave of court for Ihuoma to file a motion to dismiss his complaint. And Local Civil Rule 7(m) imposes a duty to confer with opposing

counsel "[b]efore filing any nondispositive motion in a civil
action." Local Civil Rule 7(m). Since a motion to dismiss under
federal Rule 12(b)(6) is a dispositive motion, Local Rule 7(m)
imposed no duty on Ihuoma to confer with Henok before filing her
motion.

Finally, Henok alleges that "[h]er response is 2 months late
and she was served on time and properly." (Pl.'s Opp'n at 1.)
However, Henok has failed to demonstrate when, if ever, Ihuoma
was served, and her motion is unlikely to have been 2 months late
in any event. He filed no proof of service upon Ihuoma in either
the Superior Court (see Docket Sheet from Superior Court [Dkt.
No. 8]) or this court. Henok filed his complaint in Superior
Court on February 2, 2012, and had 60 days within which to serve
Ihuoma. D.C. Super. Ct. R. Civ. P. 4(m). After Henok's case
was removed from Superior Court to this court on March 1, 2012,
he had 120 days from then to serve Ihuoma.[4] Since Ihuoma's
motion to dismiss was filed in this court on March 5, 2012, four

---

[4] When a case is timely removed and one of the defendants
has not been served, service may be completed "in the manner as
in cases originally filed in such district court." 28 U.S.C.
§ 1448; see also 14C Wright et al., Federal Practice and
Procedure § 3738 (4th ed. 2012) (stating that after removal,
"[t]he case will proceed as if it originally had been brought in
the federal court"). The Federal Rules of Civil Procedure "apply
to a civil action after it is removed from a state court[,]" Fed.
R. Civ. P. 81(c)(1), and service must be complete within 120 days
of the date of removal, not the original filing in state court.
See Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir.
2010); Cardenas v. City of Chicago, 646 F.3d 1001, 1004-05 (7th
Cir. 2011); Fed. R. Civ. P. 4(m).

-11-

days after removal, two months had not even passed between his filing the complaint and Ihuoma's filing her motion to dismiss. Henok's bare assertion of untimeliness is unlikely and is insufficient to void Ihuoma's motion to dismiss.

<u>CONCLUSION AND ORDER</u>

Henok has failed to show that the foreclosure sale was defective in a way that would make it void *ab initio*.  He therefore has failed to meet the burden to overcome the presumption of bona fide purchaser status to which Ihuoma is entitled.  Because Ihuoma is protected as a bona fide purchaser and is not alleged to have committed any wrongdoing, Henok has pled no sufficient facts which, if proven, would establish that he has a claim against Ihuoma upon which relief can be granted. Accordingly, it is hereby

ORDERED that Ihuoma's motion [7] to dismiss be, and hereby is, GRANTED.  The complaint is dismissed as to defendant Dorothy Ihuoma.

SIGNED this 11th day of September, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge