UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
ARAYA HENOK,                      )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   Civil Action No. 12-335 (RWR)
                                  )
CHASE HOME FINANCE, LLC,          )
et al.,                           )
                                  )
        Defendants.               )
_____)

## MEMORANDUM OPINION

Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase"), Shapiro & Burson, LLP ("Shapiro"), and Fannie Mae challenging the legality of the foreclosure on a property he owned on Myrtle Avenue N.E. in Washington, D.C. ("the property"). After the defendants moved for judgment on the pleadings arguing that Henok's complaint failed to satisfy the pleading requirements under Federal Rule of Civil Procedure 8 and failed to state a claim for relief under Rule 12, Henok moved for partial summary judgment, for leave to amend the complaint twice, and for sanctions against Chase and Shapiro and their counsel. Because it is Chase that is entitled to summary judgment on one of Henok's breach of contract claims, Henok's motion for partial summary judgment will be denied in part and judgment on that claim instead will be entered for Chase. Because the additional claims in both amended complaints are inadequately pled, the motions for leave to amend the

-2-

complaint will be denied for futility.  Because Henok has not

stated a cause of action for the remaining claims in the original

complaint, the defendants' motions for judgment on the pleadings

will be granted, and the remainder of Henok's motion for partial

summary judgment will be denied as moot.  Because Henok has not

met the requirements of Rule 11 or shown that there has been

sanctionable conduct by the defendants, Henok's motions for

sanctions will be denied.

BACKGROUND

Henok purchased the property in 2005 with financing from

Chase.  Pl.'s Mot. for Leave to File Amended Pleading, Attachment

("Second Am. Compl.") ¶ 6, Ex. 10.  In March of 2009, Chase

returned his monthly payment and "stated that [his] property

[was] going into foreclosure[.]"  Id. ¶ 8.  On January 20, 2010

and in February 2010, Henok asked Chase by phone and in writing

how much to pay to bring his account current, and identified in

writing his mailing address.  Id. ¶¶ 9-12, Exs. 1-3.  On

February 18, 2010, Henok received from Shapiro a foreclosure

notice that was addressed to the correct 908 New Hampshire

Avenue, N.W., Washington D.C. street address Henok had provided

to Chase, but the addressed notice did not include the suite

number Henok had provided.  It identified the "minimum balance

required to cure default" as $26,577.29 plus fees and costs which

become due.  Id. ¶ 13, Ex. 4.  Henok then mailed Chase and

-3-

Shapiro additional requests in February and March.  Id. ¶¶ 14-16,
Exs. 5-7.  Henok received no further replies to his letters.  Id.
¶¶ 10-12, 13-16.  He did not cure the default.  See id., Counts
1-7, 10, 12-1[1], 13, 19, 25.

Shapiro filed with the Recorder of Deeds a copy of the
notice of foreclosure sale.  Id., Counts 1, 13, 19, Ex. 4.
Fannie Mae bought the property in a foreclosure sale on March 24,
2010.  Id. ¶ 17, Exs. 4, 8.  Chase had appointed John Burson and
Gregory Britto as substitute foreclosure trustees under the deed
of trust that secured Henok's mortgage, id., Ex. 8, and Britto
filed with the Recorder of Deeds the trustees' deed of sale in
July 2010.  Id.

Henok filed a complaint in D.C. Superior Court in February
2012 challenging the foreclosure.  Henok's complaint asserts
against Chase and Shapiro claims of breach of contract, breach of
fiduciary duty, fraud, negligence, negligent misrepresentation,
and a constitutional violation of the Fifth Amendment's takings
clause.  Compl., Counts 1-4, 6-8, 10-13.  Henok's complaint also
asserts that the trustees' deed was issued late and failed to
satisfy the formal requisites of an instrument.  Id., Counts 5,
9.

---

[1]  Both of Henok's proposed amended complaints include two
Count 12's and skip Counts 17 and 18.  The first Count 12 will be
referred to as Count 12-1 and the second Count 12 will be
referred to as Count 12-2.

-4-

The defendants removed the case to federal court on March 1, 2012.  Chase and Fannie Mae moved for judgment on the pleadings under Rule 12(c) arguing that Henok's complaint does not satisfy the pleading requirements of Rule 8 and that Henok's breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, and Fifth Amendment claims do not state a claim for relief.[2]  Mem. in Supp. of Mot. for J. on the Pleadings by Chase and Fannie Mae at 5-13.  Additionally, the motion argued that Henok's other claims concerning the trustees' deed and the expiration of the notice of foreclosure were without merit.  Id. at 13-14.  Shapiro also moved for judgment on the pleadings under Rule 12(c) adopting and incorporating the memorandum of law accompanying Chase and Fannie Mae's motion.  Shapiro's Mot. for J. on the Pleadings at 1.

Henok then moved for partial summary judgment arguing that Chase did not give him and he did not receive notice of default, he did not receive a valid notice of the foreclosure, and the defendants failed to provide a cure amount.  Pl.'s Mot. for Partial Summ. J. ("Pl.'s Summ. J. Mot."), Points 1-7.  Next, Henok moved on July 26, 2012 for leave to amend his complaint.  Read broadly, Henok's first amended complaint adds common law claims of negligence and negligent misrepresentation, Pl.'s Mot.

---

[2] The defendants' motion does not discuss Henok's negligence claim.

-5-

for Leave to Amend Compl., Attachment at 21, Counts 9, 12-2, 19,
and adds statutory claims of wrongful foreclosure under D.C. Code
§ 42-815 and failure to respond under 12 U.S.C. § 2605, <u>id.</u>,
Counts 1, 2, 8, 10, 25.  In addition, the first amended complaint
eliminates the Fifth Amendment claim.  Shapiro opposes Henok's
motion to amend, arguing in part that allowing Henok's amended
complaint would be futile because it does not state a claim for
relief on any ground.  Opp'n to Mot. for Leave to Amend Compl.
¶ 3.  On October 24, 2012, Henok again moved to amend his
complaint.  Henok's second amended complaint is identical to the
first except that Henok seeks to replace Fannie Mae with Freddie
Mac as a named defendant.  Pl.'s Mot. for Leave to File an
Amended Pleading at 1, Second Am. Compl. ¶ 5.  Chase and Fannie
Mae consent to dismissing Fannie Mae as a defendant but oppose
adding Freddie Mac arguing in part that the second amended
complaint does not state a claim for relief on any ground.
Defs.' Resp. to Pl.'s Second Mot. for Leave to File an Am. Compl.
at 4-10.

<u>DISCUSSION</u>

I.   PARTIAL SUMMARY JUDGMENT

    Summary judgment is warranted if "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A party
asserting that a fact cannot be or is genuinely disputed must

-6-

support the assertion by . . . citing to particular parts of
materials in the record, including . . . documents, . . .
declarations, . . . or other materials; or . . . showing that the
materials cited do not establish the absence or presence of a
genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). A party may not
rely merely upon denials in pleadings to show a genuine dispute,
but must come forward with specific evidence that reveals a
genuine factual dispute. Rogers v. District of Columbia, 880 F.
Supp. 2d 163, 165-66 (D.D.C. 2012); Ali v. District of Columbia
Gov't, 810 F. Supp. 2d 78, 82-83 (D.D.C. 2011).

 Henok moves for partial summary judgment, arguing in part
that Chase never gave him the required advance notice of default,
Pl.'s Summ. J. Mot. at 6, 8, and that he never received such a
notice, Pl.'s Mot. at 9-12. The deed of trust securing Henok's
mortgage required Chase before foreclosing to "give notice to
Borrower . . . [that] shall specify (a) the default; (b) the
action required to cure the default; (c) a date, not less than 30
days from the date the notice is given to Borrower, by which the
default must be cured; and (d) that failure to cure the default
on or before the date specified in the notice may result in
acceleration of the sums secured by this Security Instrument and
sale of the Property." Pl.'s Summ. J. Mot., Ex. 3 ¶ 22. The
deed also provided that "[a]ll notices given by Borrower or
Lender in connection with this Security Instrument must be in

-7-

writing.  Any notice to Borrower in connection with this Security instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Id., Ex. 3 ¶ 15.

These provisions impose a duty upon Chase to "give notice" of default to Henok.  Henok's allegation that Chase never gave him advance notice of default alleges a breach of Chase's contractual duty to him; the allegation that Henok did not receive such a notice does not.  Henok is not entitled to summary judgment on an allegation that does not state a claim for relief.  However, Chase supplied with its opposition to Henok's motion a declaration under the penalty of perjury from its Assistant Secretary and Operations Unit Manager that Chase indeed gave Henok advance notice of default that fully complied with the requirements of the deed of trust.  The declaration attaches a copy of a letter Chase sent Henok on November 18, 2009 to his address at 908 New Hampshire Avenue, N.W., Washington, D.C. 20037-2351, advising Henok "[y]ou are in default because you have failed to pay the required monthly installments [since] 4/1/2009"; "[y]ou must pay [$19,708.58] within thirty-two days ... in order to cure this default"; and "[i]f you fail to cure the default ..., Chase Home Finance LLC will accelerate the maturity of the Loan, ... and commence foreclosure

-8-

proceedings[.]"  Defs. Chase & FNMA's Mem. in Opp'n to Pl.'s Mot. for Part. Summ. J. ("Chase's Opp'n"), Ex. 1 ¶ 9, Ex. H.

Henok has not rebutted this evidence that Chase gave the notice required by the deed in the way the deed allowed it to be given.  Henok may not simply rely upon denials to raise a genuine dispute of fact about whether Chase complied with its duty to provide notice of default.  Because there are no disputed facts to resolve regarding that duty, and it is Chase that is entitled to judgment as a matter of law, judgment will be entered for Chase on that cause of action.  See District of Columbia v. Straus, 607 F. Supp. 2d 180, 184-85 (D.D.C. 2009) (citing 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 1998) (noting that summary judgment may be granted in favor of the nonmoving party without waiting for a cross-motion); Keh Tong Chen v. Attorney Gen., 546 F. Supp. 1060, 1068 (D.D.C. 1982) ("Filing of a cross-motion is not a prerequisite to the entry of judgment for the non-moving party.")).

II.  LEAVE TO AMEND COMPLAINT

A plaintiff may amend his complaint at this stage[3] "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

_____

[3] Henok's time for amending his complaint as a matter of course expired 21 days after he filed it, Fed. R. Civ. P. 15(a)(1)(A), or 21 days after now-dismissed defendant Dorothy Ihuoma filed on March 5, 2012 her motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. 15(a)(1)(B).

Fed. R. Civ. P. 15(a)(2).  "A court should determine the propriety of amendment on a case by case basis, using a generous standard, and pro se complaints are construed with special liberality[.]"  Commodore-Mensah v. Delta Air Lines, Inc., 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (citations and internal quotation marks omitted).  The burden is on the defendant to show that leave to file an amended complaint should be denied.  Smith v. Café Asia, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (citing LaPrade v. Abramson, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006)).  A district court should grant leave to amend a complaint "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Allowing an amended complaint would be futile if the amended complaint would not survive a motion to dismiss.  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir. 2010) (citing Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004)).

In considering a motion to dismiss, a court accepts well-pleaded factual allegations in the complaint as true and interprets them in the light most favorable to the plaintiff. NB ex rel. Peacock v. District of Columbia, 682 F.3d 77, 82 (D.C. Cir. 2012) (citing In re Interbank Funding Corp. Sec. Litig., 629

-10-

F.3d at 216).  In addition, with a pro se plaintiff, "the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable." Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, unsupported inferences and "legal conclusions cast in the form of factual allegations" are insufficient to survive a motion to dismiss.  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The motion to dismiss may be granted if the facts alleged in the complaint "do not 'raise a right to relief above the speculative level,' or fail to 'state a claim to relief that is plausible on its face.'"  United States v. All Assets Held at Bank Julius Baer Co., Ltd., 772 F. Supp. 2d 191, 197 (D.D.C. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

    A.   Breach of contract

    The gravamen of Henok's surviving breach of contract claims is that Chase breached the terms of the mortgage note and the deed of trust by failing to address the notice of foreclosure to him at his full correct address, see, e.g., Second Am. Counts 1, 6, 7, 9, 13, and the notice was therefore invalid, see, e.g., id., Counts 1-6, 8.  Henok also alleges that the notice of foreclosure did not include the precise amount to cure the

default.  Second Am. Compl., Count 7.  Under D.C. law, a claim of
breach of contract includes four elements: "(1) a valid contract
between the parties; (2) an obligation or duty arising out of the
contract; (3) a breach of that duty; and (4) damages caused by
breach."  <u>Tsintolas Realty Co. v. Mendez</u>, 984 A.2d 181, 187 (D.C.
2009).

Read liberally, the amended complaint identifies the
mortgage note and deed of trust as the contract breached.  Second
Am. Compl. ¶¶ 25-30.  The D.C. Court of Appeals has recognized
that "'the note and the trust deed can be considered merely
different parts of a single contract.'"  <u>Osbourne v. Capital City
Mortg. Corp.</u>, 667 A.2d 1321, 1326 (D.C. 1995) (quoting <u>Yasuna v.
Miller</u>, 399 A.2d 68, 72 (D.C. 1979)).[4]  In addition, citing the
note and deed of trust, Henok alleges that Chase had a duty to
address to him at his full current address written notice of the
foreclosure sale.  Henok argues that his address includes the
suite number and that the failure to include the full address
makes the notice invalid.  Second Am. Compl., Count 1.  However,
Henok provides no authority for the proposition that omission of
a suite number from an otherwise accurate street address in

---

[4] "The relationship between a debtor and a creditor is
ordinarily a contractual relationship and not a fiduciary
relationship."  <u>Ponder v. Chase Home Fin., LLC</u>, 666 F. Supp. 2d
45, 49 (D.D.C. 2009) (citing <u>Overseas Private Inv. Corp. v.
Industria de Pesca, N.A., Inc.</u>, 920 F. Supp. 207, 210 (D.D.C.
1996)).

-12-

Washington, D.C. constitutes defective notice.  This is not a case where the foreclosure notice was sent to the entirely wrong address.  See Abdel-Kafi v. Citicorp Mortg., Inc., 772 A.2d 802, 803-04 (D.C. 2001) (finding the lender's notice of foreclosure defective because the lender sent it to the property address rather than to the address provided in the plaintiff's change of address notice, where no argument was made that actual notice occurred).  Moreover, Henok has pled no facts plausibly showing any damages caused by omission of his suite number.  Henok admits that he received the notice of foreclosure on February 18, 2010. Second Am. Compl. ¶ 13, Count 7.  It alerted him that he had until March 24, 2010 before any foreclosure sale would occur, told him the minimum payment required to cure the default, and listed the name, address, and phone number of the firm to contact "to stop foreclosure sale." Id., Ex. 4.  Henok had a viable opportunity to cure his default and take action to protect his interests.  Because Chase gave, and Henok received, proper notice of the foreclosure sale at his current address, Henok's amended complaint does not state a claim for breach of contract for failure to give valid notice of foreclosure.

Henok also argues that the foreclosure notice was defective because it "did not have a specific amount of money listed to cure the default." Id., Count 7.  Henok argues that including with the specific cure figure the language "'plus attorney fees,

-13-

foreclosure costs and other charges or payments which become due'" makes the notice defective because it is not a precise figure identifying the sum which was required.  Id. (quoting id., Ex. 4).  However, Henok does not provide any authority which requires that the noteholder divine in advance and include in the cure figure in the foreclosure notice all possible fees or costs that may become due.  The provision of the D.C. Code in force at the time of the foreclosure required the holder of any mortgage note to give written notice of the intention to foreclose with "information as the Council of the District of Columbia shall by regulation prescribe."  D.C. Code § 42-815(b) (2001).  Neither the applicable regulations prescribing the notice form to be used, D.C. Mun. Regs. tit. 9, §§ 3100.1, 3100.2(a)-(g) (2010), nor the form itself require the holder to include any precise amount of potential fees or costs.  See Notice of Foreclosure Sale of Real Property or Condominium Unit, available at http://otr.cfo.dc.gov/otr/frames.asp?doc=/otr/lib/otr/rod_move/rod-14.pdf (including in the notice of foreclosure the "Balance owed on the Note" and "Minimum balance required to cure default obligation"); see also Movahedi v. U.S. Bank, N.A., 853 F. Supp. 2d 19, 25 (D.D.C. 2012) (finding that D.C. Code § 42-815(c) (2011), the relevant provisions of which were previously codified as D.C. Code § 42-815(b) (2001), does not require the notice of foreclosure to "identify the exact amount" of all the attorney

-14-

fees and costs before the costs are actually incurred and there
is "no statutory or regulatory basis for requiring additional
information"). Therefore, Henok's amended complaint fails to
state a claim for breach of contract against Chase.

    B.   <u>Breach of fiduciary duty</u>

    To state a claim for breach of fiduciary duty under D.C.
law, a plaintiff must allege that "'(1) defendant owed plaintiff
a fiduciary duty; (2) defendant breached that duty; and (3) to
the extent plaintiff seeks compensatory damages -- the breach
proximately caused an injury.'" <u>Bode & Grenier, LLP v. Knight</u>,
821 F. Supp. 2d 57, 64 (D.D.C. 2011) (quoting <u>Paul v. Judicial
Watch, Inc.</u>, 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008)). "As a
general rule, the mere existence of a contract does not create a
fiduciary duty." <u>Paul</u>, 543 F. Supp. 2d at 6 (citing <u>Steele v.
Isikoff</u>, 130 F. Supp. 2d 23, 36 (D.D.C. 2000)). Nor is a debtor-
creditor relationship ordinarily a fiduciary relationship.
<u>Ponder v. Chase Home Fin., LLC</u>, 666 F. Supp. 2d 45, 49 (D.D.C.
2009). "However, if a special relationship of trust or
confidence exists in a particular case, a fiduciary relationship
may arise in the lender-borrower context." <u>Ellipso, Inc. v.
Mann</u>, 541 F. Supp. 2d 365, 373 (D.D.C. 2008) (internal quotation
marks and citation omitted) (finding no fiduciary relationship
from facts pled); <u>see also</u> <u>Overseas Private Inv. Corp. v.</u>

-15-

<u>Industria de Pesca, N.A., Inc.</u>, 920 F. Supp. 207, 210 (D.D.C. 1996) (same).

Henok's single reference in the second amended complaint to a breach of fiduciary duty is the allegation that Chase and Shapiro "had a fiduciary duty to respond to all [his] certified mails and constant attempts to cure [his] default" and "allow [Henok] to re-instate [his] loan." Second Am. Compl., Count 12-1. As an initial matter, Henok does not plead any facts which show the existence of a special relationship of trust or confidence with Chase extending beyond his standard debtor-creditor relationship. Thus, Henok fails to state a claim for breach of a fiduciary duty against Chase.

Trustees and substitute trustees of deeds owe fiduciary duties both to the noteholder and the borrower. <u>Murray v. Wells Fargo Home Mortg.</u>, 953 A.2d 308, 324-25 (D.C. 2008) (internal citations omitted). Generally, "trustees of deeds have only those powers and duties imposed by the trust instrument itself, coupled with the applicable statute governing foreclosure sales in the District of Columbia." <u>Id.</u> (quoting <u>Perry v. Va. Mortg. and Inv. Co., Inc.</u>, 412 A.2d 1194, 1197 (D.C. 1980)) (internal quotation marks omitted). "[T]o state a claim against a trustee for breach of fiduciary duty, a plaintiff must allege facts that would constitute a breach of a duty under the trust instrument or District of Columbia law, or allege fraud, misrepresentation,

-16-

self-dealing or overreaching." Evans v. First Mount Vernon, ILA, 786 F. Supp. 2d 347, 356 (D.D.C. 2011) (citing Murray, 953 A.2d at 325).

Henok's allegation that Shapiro had fiduciary duties that it breached by failing to respond to his letters and not allowing him to reinstate his loan is factually unsupported.  Henok cites no provision in the deed of trust or District of Columbia law to support the existence of a trustee's fiduciary duty to respond to the borrower's correspondence or to allow the borrower to reinstate his loan.  The deed of trust requires the lender, not the trustee, to send written notice of foreclosure to the borrower.  See Am. Compl., Ex. 11 ¶ 22; see also Evans v. Chase Manhattan Mortg. Corp., Civil Action No. 04-2185 (RMC), 2007 WL 902306, at *6 (D.D.C. Mar. 3, 2007) (finding that a similar deed of trust required the lender, not the trustee, to notify the borrower of default and that this arrangement was consistent with D.C. Code § 42-815(b) which required notice from the noteholder); Koker v. Aurora Loan Servicing, LLC, Civil Action No. 12-1069 (RBW), 2013 WL 40320, at *11 (D.D.C. Jan. 3, 2013) (same).  The deed of trust identifies the trustee's duties as 1) giving notice of sale by public advertisement,[5] 2) selling the property at

---

[5] When read liberally, the second amended complaint may allege a breach of the trustee's duty to give notice of the sale by public advertisement.  Second Am. Compl., Count 16 ("There is no record that such advertising occurred.")  However, as is explained below, Henok does not name as defendants the trustees

-17-

public auction, and 3) delivering an appropriate deed to the buyer.  See Am. Compl., Ex. 11 ¶ 22; see also Chase Manhattan Mortg. Corp., 2007 WL 902306, at *6 (specifying these "mandatory duties" under a similar deed of trust).

Moreover, the trustees' deed reflects that Chase appointed as substitute trustees Burson and Britto, not Shapiro.  See Second Am. Compl., Ex. 8.  Henok names Shapiro as the defendant in this matter rather than Burson and Britto.  Henok does not plead in the second amended complaint any agency theory upon which to hold Shapiro liable for the actions of Burson and Britto.  Koker, 2013 WL 40320, at *11, held that where the plaintiff asserted a breach of fiduciary duty claim and the substitute trustee was a member of the defendant law firm, but the plaintiff made no specific allegations regarding the law firm's conduct, solely identifying the lawyer as a member of the law firm was insufficient to state a claim against the law firm.  See id. at *11.[6]  Here, the second amended complaint does not

who bore that duty here.

[6] But see First Mount Vernon, ILA, 786 F. Supp. 2d at 357-58, where a law firm's five attorneys were trustees but the complaint named instead the law firm as a defendant.  The court found the breach of fiduciary duty claim sufficiently pled under the circumstances where, unlike here, the complaint pled facts evidencing the firm's bad faith and self-dealing.  In particular, the complaint specifically alleged that a conflict existing because the law firm acted both as trustee and counsel for the lender would yield the firm a 20% payment of the outstanding loan amount from the foreclosure.  Id. at 358.  By contrast, Henok has made no specific allegations stemming from any conflict of

sufficiently plead a claim of breach of fiduciary duty by naming
Shapiro as a defendant, and allowing this amendment would be
futile.

C.   Negligence; negligent misrepresentation

A claim of negligence under D.C. law consists of four
elements: "(1) the defendant owed a duty [of care] to the
plaintiff, (2) the defendant breached its duty, (3) and that
breach was the proximate cause of (4) damages sustained by the
plaintiff." Busby v. Capital One, N.A., 772 F. Supp. 2d 268, 283
(D.D.C. 2011) (citing Powell v. District of Columbia, 634 A.2d
403, 406 (D.C. 1993)). "However, 'the tort must exist in its own
right independent of the contract, and any duty upon which the
tort is based must flow from considerations other than the
contractual relationship. The tort must stand as a tort even if
the contractual relationship did not exist.'" Carter v. Bank of
America, N.A., Civil Action No. 11-1584 (BAH), 2012 WL 3198354,
at *8 (D.D.C. Aug. 8, 2012) (quoting Nugent v. Unum Life Ins. Co.
of Am., 752 F. Supp. 2d 46, 53-54 (D.D.C. 2010)).

The elements of negligent misrepresentation under D.C. law
are "(1) the defendant negligently communicated false
information, (2) the defendant intended or should have recognized
that the plaintiff would likely be imperiled by action taken in

interest of any financial benefit which would sustain a claim of
bad faith or self-dealing.

reliance upon his misrepresentation, and that (3) the plaintiff reasonably relied upon the false information to his detriment." Ponder v. Chase Home Fin., LLC, 865 F. Supp. 2d 13, 20 (D.D.C. 2012) (citing Hall v. Ford Enterprises, Ltd., 445 A.2d 610, 612 (D.C. 1982)).  Likewise, though, a negligent misrepresentation claim may lie in a contract dispute only "when there are facts separable from the terms of the contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself, so that an action for breach of contract would reach none of the damages suffered by the tort."  Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1088-89 (D.C. 2008); see also Plesha v. Ferguson, 725 F. Supp. 2d 106, 112-13 (D.D.C. 2010) (citing Choharis).

In this case, Henok claims that Shapiro and Chase were negligent or made negligent misrepresentations by entering his address incorrectly on the notice of foreclosure sale, failing to state in the notice the specific amount of costs and fees that may come due in addition to the balance owed on the note, and certifying in the trustees' deed after foreclosure that the notice of foreclosure was sent to Henok's last known address. Second Am. Compl., Counts 9, 12-2, 19, 22, 23.  However, Henok does not allege any facts to establish any duty independent of the contractual relationship created by the mortgage documents, or facts separable from the terms of those documents upon which

the torts may independently rest.[7]  Therefore, amending the

complaint to add the negligence and negligent misrepresentation

claims would be futile.

    D.    <u>Fraud</u>

    A plaintiff claiming fraud under D.C. law must prove the

existence of "(1) a false representation (2) in reference to

material fact, (3) made with knowledge of its falsity, (4) with

the intent to deceive, and (5) action is taken in reliance upon

the representation."  <u>Busby</u>, 772 F. Supp. 2d at 275 (quoting <u>Fort</u>

<u>Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.</u>, 944

A.2d 1055, 1074 n.22 (D.C. 2008)).  "'A claim for fraud may be

founded on a false representation or a willful omission.'"

<u>Cordoba Initiative Corp. v. Deak</u>, Civil Action No. 11-1541 (RWR),

2012 WL 5285132, at *2 (D.D.C. Oct. 26, 2012) (quoting <u>McWilliams</u>

---

[7]As to Chase and Shapiro's intent, Henok argues only that
these defendants made misrepresentations "in order to acquire
[his] property[.]"  Second Am. Compl., Count 19.  While Henok
admits to receiving the foreclosure notice, Henok pleads no facts
to show any "actual, individual reliance" to his detriment upon
the correct if minimally incomplete address in the foreclosure
notice, or the specific cure amount that did not tally future
fees or costs that may come due, or any representations in the
trustees' deed.  <u>See</u> <u>Phelps v. Stomber</u>, Civil Action No. 11-1142
(ABJ), 2012 WL 3276969, at *33 (D.D.C. Aug. 13, 2012) (denying
common law fraud and negligent misrepresentation claims where the
plaintiffs fail to allege that they actually relied on the
defendants' statements); <u>see also</u> <u>Alicke v. MCI Communic'ns</u>
<u>Corp.</u>, 111 F.3d 909, 912 (D.C. Cir. 1997) (affirming the district
court's dismissal of complaint because the plaintiff did not
allege that she acted in reliance on the alleged
misrepresentation).  The foreclosure detriment he experienced
stemmed at base from his failure to heed the foreclosure notice's
warning about the consequences of failing to cure the default.

Ballard, Inc. v. Broadway Mgmt. Co., 636 F. Supp. 2d 1, 5 (D.D.C. 2009)).  Federal Rule of Civil Procedure 9(b) requires the claimant to "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  This rule requires the claimant to specifically plead "matters such as the time, place and content of the false [representations], the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud."  Busby, 772 F. Supp. 2d at 275-76 (citing United States ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1256 (D.C. Cir. 2004)).

Henok's amended complaint states that Chase falsely represented that it was the note holder at the time of foreclosure and that the foreclosure was advertised.  Second Am. Compl., Counts 11, 15, 16.  Henok also accuses Chase and Shapiro of engaging in a scheme to defraud him by falsely stating that they sent him at his current address a notice of foreclosure, continuing to foreclose his property, and selling the property knowing that the sale was void.  Id., Counts 13, 19, 21. However, Henok fails to meet the heightened requirements of Rule 9 by supporting his conclusory allegations with sufficient facts, and "the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations."  Hettinga v. United States, 677

-22-

F.3d 471, 476 (D.C. Cir. 2012) (citing <u>Kowal v. MCI Communic'ns</u>

<u>Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  In particular,

Henok does not provide facts to support the falsity of many of

the defendants' representations, the defendants' intent to

deceive or the actions he took in reasonable reliance on the

representations.  Because Henok does not plead fraud fully, or

with particularity, amending the complaint to add the fraud

claims would be futile.[8]

 E. <u>Wrongful foreclosure under D.C. Code § 42-815</u>

 Under D.C. law, the holder of a note must give written

notice to the owner of the property at least 30 days in advance

of any foreclosure sale.  <u>See</u> D.C. Code § 42-815(b) (2001).

Henok alleges that he did not receive valid notice of

foreclosure, that he was not allowed 30 days to cure the default,

and that the notice of foreclosure did not include the specific

amount of money required to cure the default.  Second Am. Compl.,

Counts 1, 2, 8, 10.  However, Henok admits that he received the

notice of foreclosure on February 18, 2010, Second Am. Compl.

¶ 13, and the foreclosure sale occurred on March 24, 2010, <u>id.</u>,

¶ 17, which reflects a period longer than the required 30 days

under the statute.  Further, his claims that the notice of

foreclosure was invalid for failing to specify the precise amount

---

 [8] Moreover, <u>Choharis</u> suggests that the fraud claims here
would fail since they rest upon no facts or duties independent of
the contract itself.  961 A.2d at 1088-89.

-23-

to cure the default or for omitting the suite number in his address fail for the reasons discussed above, namely, that the law does not require the cure amount to include all future costs and that the omission of the suite number does not constitute defective notice.

Henok's amended complaint also states that the mortgage is a "residential mortgage" which is "secured by a residential property thus it's not a commercial note." Second Am. Compl. ¶ 7. Therefore, Henok alleges that he was entitled to "reinstate the loan at any time prior to five days before the foreclosure sale[.]" Second Am. Compl., Count 8. Under D.C. law, residential mortgagors have a right to cure any default within five business days prior to a foreclosure sale. D.C. Code § 42-815.01(b) (2001). However, this statutory right to cure applies only where at least one of the dwellings covered by the mortgage is "the principal place of abode of the debtor or the debtor and his immediate family." D.C. Code § 42-815.01(a) (2001). Although Henok characterizes the mortgage as a "residential mortgage[,]" Second Am. Compl. ¶ 7, Henok does not allege or provide any factual support to show plausibly that the property was his principal place of abode or that his immediate family lived in the property. Henok does not state a claim for relief under this statute.

-24-

F.   Failure to respond under federal law

Henok also alleges that Chase and Shapiro were required under RESPA to respond to his written requests for the cure amount before foreclosure.  Second Am. Compl., Count 25.  RESPA provides that if the loan servicer receives a written request from the borrower for information about his loan, the servicer is required to provide "a written response acknowledging receipt of the correspondence within 20 days . . . *unless the action requested is taken within such period*."  12 U.S.C. § 2605(e)(1)(A) (emphasis added).

In this case, Henok attaches four letters sent to Chase and two letters sent to Shapiro between January 20 and March 18, 2010 asking for the amount to cure his default.  See Second Am. Compl., Exs. 1-3, 5-7.  Because, as is explained above, Henok did not rebut that Chase gave him notice of default on November 18, 2009, and Henok received the notice of foreclosure on February 18, 2010, id. ¶ 13, the defendants provided the statutorily required information both before and after Henok's written requests.  Both the notice of default and the notice of foreclosure included the information requested, namely, the amount to cure Henok's default.  In light of the defendants' compliance, leave will be denied to add this claim.

-25-

G.   Remaining claims

Henok argues that the trustees' deed which conveyed the property at the foreclosure sale did not conform to the formal requisites of an instrument under D.C. Code § 42-404.  Second Am. Compl., Count 20.  Henok does not explain which formal requisite he believes is lacking.  In any event, a defective instrument is effective unless it is challenged in court within six months after it is recorded.  D.C. Code § 42-403 (2001) (stating that any instrument "shall be effective notwithstanding the existence of 1 or more of the failures in the formal requisites listed in § 42-404, unless the failure is challenged in a judicial proceeding commenced within 6 months after the instrument is recorded").  Because the deed was recorded in 2010, Henok's challenge over two years later is untimely, and he therefore does not state a claim for relief under this statute.

Henok further claims that the trustees' deed was issued on May 5, 2010, beyond a statutory deadline of 30 days after the foreclosure sale.  Second Am. Compl., Count 14.  Henok may be relying on D.C. Code § 47-1431 which provides that

> [w]ithin 30 days after . . . an economic interest in real
> property is transferred, . . . all transferees of . . . and
> all holders of the security interest in real property shall
> record a fully acknowledged copy of the deed . . . with the
> Recorder of Deeds of the District of Columbia.

D.C. Code § 47-1431(a) (2001).  However, Henok has not carried his burden of showing that there is a private right of action for

damages under this statute.  See Koker, 2013 WL 40320, at *7
(granting the defendants' motion to dismiss the claim under § 47-
1431 because the statute does not expressly confer a private
right of action and the plaintiff provided "no analysis on the
point and simply assume[d] that she may sue for a violation of
the statute").  Therefore, this claim would not survive a motion
to dismiss.

Henok also alleges, with no supporting authority, that the
foreclosure sale is void because the February 17, 2010 notice of
foreclosure expired 30 days later, before the March 24, 2010
foreclosure sale occurred.  Second Am. Compl., Count 24.
However, Henok misreads the notice of foreclosure.  Whatever its
legal significance, the notice dates its expiration from the
foreclosure sale date, and not from the date of the notice of
foreclosure, and it did not expire before the sale.  In sum, none
of Henok's remaining claims provides grounds for relief.

Finally, Henok's second motion to amend the complaint seeks
to remove Fannie Mae as a defendant and add Freddie Mac in its
place.  Pl.'s Mot. for Leave to File an Amended Pleading at 1;
Second Am. Compl. ¶ 5.  Chase and Fannie Mae agree that Fannie
Mae should be dismissed as a named defendant, but oppose adding
Freddie Mac as a defendant in this case because the second
amended complaint fails to state a claim for relief on any
ground.  Resp. of Chase and Fannie Mae to Pl.'s Second Mot. for

-27-

Leave to File Am. Compl. at 1-2, 4-12.  As is discussed above, Henok's second amended complaint fails to state a claim on any ground.  Therefore, leave to file a second amended complaint and add as a defendant Freddie Mac will be denied.

III. MOTION FOR JUDGMENT ON THE PLEADINGS

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial[.]"  Fed. R. Civ. P. 12(c).  "The standard of review for motions for judgment on the pleadings is essentially the same as that for motions to dismiss under Rule 12(b)(6)." All Assets Held at Bank Julius Baer Co., Ltd., 772 F. Supp. 2d at 196-97 (citing Schuchart v. La Taberna Del Alabardero, Inc., 365 F.3d 33, 35 (D.C. Cir. 2004)).

In this case, Henok's original complaint includes claims of breach of contract, breach of fiduciary duty, fraud, negligence, negligent misrepresentation, and a constitutional violation of the Fifth Amendment's takings clause.  Compl., Counts 1-4, 6-8, 10-13.  Henok's complaint also asserts that the trustees' deed was issued late and failed to satisfy the formal requisites of an instrument.  Id., Counts 5, 9.  With the exception of the Fifth Amendment claim, these claims are included in Henok's first and second amended complaints.  While the amended complaints add additional claims and include further factual allegations regarding Henok's claims, the same defects in the amended

-28-

complaints addressed above undermine the original complaint's claims of breach of contract, breach of fiduciary duty, fraud, negligence, and negligent misrepresentation.

However, the Fifth Amendment takings claim was eliminated from the amended complaints and has not been addressed.  Henok has not stated a takings claim because the Fifth Amendment Takings Clause refers only to the *government's* physical occupation or regulation of private property.  See U.S. Const. amend. V; Flagg v. Yonkers Sav. and Loan Ass'n, FA, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004) (stating that "[i]t is beyond cavil that governmental action is required to trigger the application of this clause; it does not apply to private parties who are not state or governmental actors."); see also Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537-39 (2005) (explaining that the government's direct appropriation, physical invasion or regulation of private property may sustain a Fifth Amendment takings claim).  In other words, "[t]he threshold question for invoking constitutional protection is whether a federal actor was involved, as purely private action does not trigger constitutional protection."  Herron v. Fannie Mae, 857 F. Supp. 2d 87, 92 (D.D.C. 2012) (citing San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 (1987)).  In this case, the complaint does not allege that Chase, Shapiro, or

-29-

Fannie Mae were federal actors.  Therefore, the complaint fails
to state a takings claim under the Fifth Amendment.

IV.  SANCTIONS

Henok moves under Rule 11(b) for sanctions against Chase's
attorneys, Shapiro's attorneys, Chase employee Kevin Johnson and
Shapiro employee Brett Callahan arguing that Chase and Shapiro
made intentionally false representations to the court.  Rule 11
sanctions may be imposed where a party files a pleading, motion
or other paper with the court for an improper purpose, that is
unwarranted by existing law, or that is lacking in evidentiary
support.  Fed. R. Civ. P. 11(b)(1)-(3).  "'The district court is
accorded wide discretion' in determining whether sanctions are
appropriate."  Gomez v. Aragon, 705 F. Supp. 2d 21, 22 n.2
(D.D.C. 2010) (quoting Westmoreland v. CBS, Inc., 770 F.2d 1168,
1174 (D.C. Cir. 1985)).  "Rule 11 sanctions are an extreme
punishment for filing pleadings that frustrate judicial
proceedings."  Brown v. FBI, 873 F. Supp. 2d 388, 408 (D.D.C.
2012) (quoting Wasserman v. Rodacker, Civil Action No. 06-1005
(RWR), 2007 WL 2071649, at *7 (D.D.C. July 18, 2007)).  "'The
test [for sanctions] under Rule 11 is an objective one: that is,
whether a reasonable inquiry would have revealed that there was
no basis in law or fact for the asserted claim.'"  Sharp v. Rosa
Mexicano, D.C., LLC, 496 F. Supp. 2d 93, 100 (D.D.C. 2007)
(quoting Reynolds v. U.S. Capitol Police Bd., 357 F. Supp. 2d 19,

23 (D.D.C. 2004)).  Further, Rule 11 includes a "safe harbor

provision" which requires that the motion must be first served on

the nonmovant to allow an opportunity to withdraw the challenged

assertion.  Fed. R. Civ. P. 11(c)(2).  "This procedural rule must

be satisfied before the Court considers the substantive aspects

of plaintiff's motion."  <u>Brown</u>, 873 F. Supp. 2d at 408.

The essence of Henok's argument is that Chase and Shapiro

falsely represented that they never received Henok's letters[9]

regarding the property, that these defendants' attorneys "failed

to do any reasonable inquiry" as to whether Henok's letters were

delivered, Mot. for Sanctions Against Shapiro at 1-2; Mot. for

Sanctions Against Chase at 1-2, and that Chase and Shapiro

falsely represented that Henok received notices, Mot. for

Sanctions Against Shapiro at 3; Mot. for Sanctions Against Chase

at 3.[9]

First, Henok has not complied with the safe harbor provision

of Rule 11.  Henok's motions include a certificate of service

which states that the motions were served by first class mail on

---

[9] Henok specifies that he is referring to correspondence to
Chase from August 2009 to December 2009 and correspondence to
Shapiro from August 2009 to May 2010.  Mot. for Sanctions against
Shapiro 1; Mot. for Sanctions against Chase 1.

[9] Henok also alleges that Chase and Shapiro provided two
notes and falsely stated that the notes were true and correct
copies.  No sanctions can be imposed where Henok neither
identifies the subject notes nor provides any factual support for
the allegation of falsity.

-31-

August 2, 2012, which was the same day that the motions were filed on the public docket.

Even if Henok had complied with the procedural rule, sanctions are not appropriate in this case.  With regard to Chase, Henok has not otherwise provided any record of the letters he sent to Chase from August 2009 to December 2009.  Henok also does not identify any filing where Chase represented that it did not receive letters from Henok.  Henok may be referring to Kevin Johnson's declaration attached to Chase and Fannie Mae's opposition to Henok's motion for partial summary judgment.  This declaration states that "Chase did not receive any cure payments from [Henok] at any time between March 4, 2009 and March 24, 2010, or at any time thereafter."  Chase's Opp'n, Ex. 1, ¶ 11. Henok has not provided any basis to question this statement in the declaration or provided any evidence showing that Henok sent letters to Chase during this period.

With regard to Shapiro, Henok does not attach to this motion any letters sent to Shapiro between August 2009 and May 2010, but Henok seems to be referring to his letters requesting cure amounts attached to the second amended complaint.  See Second Am. Compl., Exs. 5, 7.  In particular, Henok alleges that Shapiro stated in a filing that Shapiro did not receive Henok's letters. Mot. for Sanctions Against Shapiro 3.  Callahan signed a declaration that states that his review of Shapiro's business

-32-

records revealed a payoff request on February 27, 2010, but that "no other communications, such as requests for loan payoffs or reinstatement figures, were received by [Shapiro] from [Henok] in connection with the Property prior to the Sale." Def. Shapiro Opp'n to Mot. for Part. Summ. J., Ex. A ¶¶ 3, 4(c), (h).  Henok's certified mail receipts for his letters reflect that the letters were signed for by an agent of Shapiro on February 19, 2010 and March 22, 2010.  <u>See</u> Second Am. Compl., Exs. 5, 7.  However, Henok has not alleged or shown that Callahan's declaration falsely states the substance of Shapiro's business records as to Henok's letters.  Further, "[t]he Court must also take into consideration that Rule 11 sanctions are a 'harsh punishment,' and what effect, if any, the alleged violations may have had on judicial proceedings.'"  <u>Sharp</u>, 496 F. Supp. 2d at 100.  The immaterial discrepancy between Shapiro's business records and Henok's certified mail receipts do not justify the "harsh punishment" of Rule 11 sanctions.  Also, Henok's contention about Shapiro's alleged violation of Rule 11 has little effect on the case in light of the defects in Henok's complaint.  In any event, Henok admits that he received the notice of foreclosure, Second Am. Compl. ¶ 13, thus undermining Henok's claim that Chase and Shapiro made false representations about Henok's receipt of the notice of foreclosure and Henok's claim that the notice of foreclosure was returned to these defendants.

-33-

Because Henok has not met the requirements of Rule 11 and has not shown that the defendants engaged in sanctionable conduct, his motion for sanctions will be denied.

<u>CONCLUSION</u>

Because Chase is entitled to summary judgment on Henok's breach of contract claim relating to the notice of default, judgment on that claim will be entered for Chase.  Since the proposed amended complaints do not plead sufficient facts to state a cause of action on any of Henok's remaining claims, allowing Henok to amend his complaint would be futile.  Because there is no objection to dismissing Fannie Mae as a defendant and the original complaint does not state a claim for relief on any ground against Chase or Shapiro, the defendant's motions for judgment on the pleadings will be granted and the complaint will be dismissed.  In light of the disposition of the motions for judgment on the pleadings, the remainder of Henok's motion for partial summary judgment will be denied as moot.  Because Henok has not met the requirements of Rule 11 and the defendants have not committed sanctionable conduct, the plaintiff's motions for sanctions will be denied.

An appropriate final Order accompanies this memorandum opinion.

-34-

SIGNED this 13th day of February, 2013.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge