UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ARAYA HENOK, )
)
Plaintiff, )
)
v. ) Civil Action No. 12-0335 (PLF)
)
CHASE HOME FINANCE, LLC, et al., )
)
Defendants. )

---

MEMORANDUM OPINION AND ORDER

This case comes before the Court on plaintiff Araya Henok's motion for relief from a judgment or order, filed pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. See Mot. for Relief [Dkt. No. 51].[1] Mr. Henok, proceeding *pro se*, seeks relief from an Order granting judgment to the defendants on some of his claims, denying Mr. Henok's own motion for partial summary judgment, denying him leave to amend his complaint, denying his motion for sanctions, and dismissing his complaint in its entirety. See Henok v. Chase Home Finance, LLC, Dkt. No. 48, Civil Action No. 12-0335 (D.D.C. Feb. 13, 2013) (Order).[2] The case arose from defendant Chase Home Finance's foreclosure on a property owned by the plaintiff; according to Mr. Henok, Chase failed to provide legally sufficient notice of his mortgage default. See Henok v. Chase Home Finance, LLC, Dkt. No. 47, Civil Action No. 12-0335, at 6 (D.D.C.

---

[1] Throughout this litigation, the Court has referred to the plaintiff as "Araya Henok," as reflected in the case caption. It should be noted, however, that the plaintiff signs his filings by the name "Henok Araya." The Court here continues its practice of employing "Henok" as the plaintiff's surname.

[2] This case was transferred to the undersigned on December 19, 2013. See Dkt. No. 54. The final judgment from which the plaintiff seeks relief was issued by now-Chief Judge Richard W. Roberts.

Feb. 13, 2013) (Opinion). In the Memorandum Opinion accompanying the Order from which Mr. Henok now seeks relief, the Court determined that the notice provided by Chase to the plaintiff did not violate the provisions of the deed of trust securing his mortgage, see Opinion at 8, nor was it insufficient under then-governing District of Columbia law regulating home foreclosures. See id. at 22-23.

On March 8, 2013, Mr. Henok filed a Notice of Appeal from the Court's Order. See Not. of App. [Dkt. No. 49]. Six months later, on September 26, 2013, Mr. Henok filed the instant motion for relief in this Court. See Mot. for Relief. Although the parties have already begun to brief the case on appeal, the D.C. Circuit has ordered that the appeal be held in abeyance pending this Court's resolution of Mr. Henok's motion. See Henok v. JPMorgan Chase Bank, N.A., Dkt. No. 1475069, No. 13-7036 (D.C. Cir. Jan. 14, 2014) (Order); see also FED. R. CIV. P. 62.1 (setting forth the district court's options when faced with a motion that it "lacks authority to grant because of an appeal that has been docketed and is pending").[3]

Rule 60(b)(2) of the Federal Rules of Civil Procedure provides, in part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). "In order to receive relief from a final judgment or order under Rule 60(b)(2), a moving party must demonstrate that (1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was 'justifiably ignorant of the evidence despite due diligence'; (3) the evidence is admissible and is 'of such

---

[3] Rule 62.1 provides a district court with four such options: "defer considering the motion"; "deny the motion"; "state . . . that it would grant the motion if the court of appeals remands for that purpose"; or state that "the motion raises a substantial issue." FED. R. CIV. P. 62.1(a). If the district court elects either of the latter two options, then the court of appeals may remand the case for consideration of the motion. FED. R. CIV. P. 62.1(c).

importance that it probably would have changed the outcome'; and (4) the evidence is not merely cumulative or impeaching." Almerfedi v. Obama, 904 F. Supp. 2d 1, 3 (D.D.C. 2012) (quoting Duckworth v. United States, 808 F. Supp. 2d 210, 216 (D.D.C. 2011)).

The basis for Mr. Henok's motion is his receipt in April 2013 of a letter reporting that federal banking regulators had reached an agreement with Chase "in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes." Mot. for Relief, Ex. 1. As a result of the agreement, Mr. Henok received a check in the amount of $300, which accompanied the letter. Id. The letter further explained that Chase had entered into the agreement with two United States regulators — the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System — to resolve an "Independent Foreclosure Review" conducted by those agencies. Id. The payment to Mr. Henok, the letter stated, had been "determined . . . based on the stage of your foreclosure process and other considerations related to your foreclosure." Id. It also expressly stated that "[t]his payment does not mean that you necessarily suffered financial injury or harm." Id. In his motion, Mr. Henok argues that this "newly discovered evidence . . . whereby the US federal banking regulators . . . conducted an independent foreclosure review and found that [C]hase in fact had a deficient mortgage servicing [sic] and deficient foreclosure processes in regards to [Henok's property] . . . directly supports [his] claims that [C]hase's foreclosure was defective." Mot. for Relief at 3.

The premise for a successful motion for relief under Rule 60(b)(2) is the discovery of new evidence "of *facts* that existed at the time of the trial or merits proceeding." See Almerfedi v. Obama, 904 F. Supp. 2d at 3 (emphasis added). The letter received by Mr. Henok informed him that an agreement had been reached between Chase and federal regulators based on the government's investigation of Chase and other lenders for their "deficient mortgage

3

servicing and foreclosure processes." See Mot. for Relief, Ex. 1. But contrary to Mr. Henok's understanding of the nature of this information, the "deficiency" of these practices is not a matter of fact, but is instead a legal conclusion. The letter sets forth no facts specific to the course of events that transpired between Mr. Henok and Chase in relation to the property at issue. The Court's Memorandum Opinion dismissing the plaintiff's action, by contrast, addressed the particular facts of this case and concluded, after considering them in light of the relevant legal authorities, that Chase's conduct was not unlawful. See Henok v. Chase Home Finance, LLC, Dkt. No. 47, Civil Action No. 12-0335, at 6-8, 22-23. Mr. Henok's motion therefore does not satisfy the standard for relief under Rule 60(b)(2). On appeal, of course, Mr. Henok will be at liberty to challenge the Court's legal conclusion regarding the sufficiency of Chase's conduct in relation to the foreclosure. But the letter he has put before this Court simply does not constitute evidence of facts specific to this case.

Accordingly, it is hereby

ORDERED that plaintiff's motion for relief [Dkt. No. 51] is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court shall promptly notify the Clerk of the United States Court of Appeals of the entry of this Memorandum Opinion and Order.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 21, 2014